FRANKLIN CLAYTON, TRANSFEREE OF C.T.M., INC., FORMERLY
CLAWSON TRANSIT MIX, INC., PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT
MILAN UZELAC, TRANSFEREE OF C.T.M., INC., FORMERLY CLAWSON
TRANSIT MIX, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket Nos. 3040–68, 3041–68.   Filed September 2, 1969.

*Donald G. Tripp*, for the petitioners.
*Robert T. Hollohan*, for the respondent.

OPINION

TIETJENS, *Judge:* The Commissioner determined that petitioners
in these consolidated proceedings are liable as transferees for a defi-
ciency of $91,607.65 in income tax of Clawson Transit Mix, Inc., trans-
feror, for the period from April 1, 1964, to August 31, 1964. The
petitioners concede they are liable as transferees for any amount of
such deficiency which may be determined.

We must decide only whether the recognition provision of section
1245 overrides the nonrecognition provision of section 337.

All the facts have been stipulated and are so found.

At the time they filed their separate petitions herein, Franklin
Clayton and Milan Uzelac resided in Madison Heights, Mich., and
Lake Orion, Mich., respectively. Their individual income tax returns
for the period here involved were filed with the district director of
internal revenue at Detroit, Mich.

On August 14, 1964, pursuant to a plan of complete liquidation,
Clawson Transit Mix, Inc. (hereinafter referred to as Clawson),
transferor, a ready-mix concrete company, sold all its assets, subject
to its debts and obligations, to J.S.L., Inc. The gain which Clawson
realized from the sale of its assets qualifies for nonrecognition under
section 337 of the Internal Revenue Code of 1954, unless that section
is overridden by some other section of the Code.

Among its assets, Clawson sold certain "section 1245 property,"
realizing a section 1245 gain thereon of $179,996.30.

In its final income tax return for the taxable period April 1, 1964, to
August 31, 1964, Clawson did not report the $179,996.30 gain realized

upon its sale of the "section 1245 property." The Commissioner determined that this gain is taxable as ordinary income.

There is no question of computation in this case. Furthermore, the Commissioner admits that a complete liquidation took place under a plan pursuant to section 337 of the Code which would entitle the petitioners to nonrecognition of the gain involved unless some other section of the Code provides otherwise. The Commissioner argues that such a section exists in section 1245, which provides that "if section 1245 property is disposed of during a taxable year beginning after December 31, 1962" and there is a gain computed in accordance with the provisions of the section, then "*Such gain shall be recognized notwithstanding any other provision of this subtitle*" (Emphasis supplied). The subtitle referred to is "Subtitle A," of which both sections 337 and 1245 are a part. It is clear from the stipulation and the arguments of the parties that recognition of the section 1245 gain only is here in question.

Petitioners' argument is simplicity itself. They say, in their opening brief,

> The net result of Section 1245 application to the present situation is to nullify the benefit sought to be conferred by Section 337 of the Internal Revenue Code of 1954. This, we believe, was not the intent of Congress.

We think petitioners need more to win this case than the statement of this simple argument. Not only do the plain words of section 1245 quoted above sustain the Commissioner, but so do Income Tax Regs., sec. 1.1245–6, quoted in footnote,[2] as well as the House and Senate reports [3] accompanying the enactment of section 1245.

---

[2] Sec. 1.1245–6 Relation of section 1245 to other sections.

(a) *General. The provisions of section 1245 apply notwithstanding any other provision of subtitle A of the Code.* Thus, unless an exception or limitation under section 1245(b) applies, gain under section 1245(a)(1) is recognized notwithstanding any contrary nonrecognition provision or income characterizing provision. For example, since section 1245 overrides section 1231 (relating to property used in the trade or business), the gain recognized under section 1245(a)(1) upon a disposition will be treated as ordinary income and only the remaining gain, if any, from the disposition may be considered as gain from the sale or exchange of a capital asset if section 1231 is applicable. See example (2) of paragraph (b)(2) of § 1.1245–1. For effect of section 1245 on basis provisions of the Code, see § 1.1245–5.

(b) *Nonrecognition sections overridden.* The nonrecognition provisions of subtitle A of the Code which section 1245 overrides include, but are not limited to, section 267(d), 311(a), 336, *337,* and 512(b)(5). See section 1245(b) for the extent to which section 1245(a)(1) overrides sections 332, 351, 361, 371(a), 374(a), 721, 731, 1031, 1033, 1071, and 1081(b)(1) and (d)(1)(A).

[Emphasis supplied.]

[3] H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 474, 475, which reads in part:

XV. GAIN FROM DISPOSITION OF DEPRECIABLE PERSONAL PROPERTY
B. *General explanation of provision*

3. *Dispositions resulting in ordinary income where no gain is presently recognized.*—In a series of situations your committee found it necessary to recognize ordinary income even though capital gain in such situations is not recognized under existing law. This was done

Relying on the statutory language, the regulations (which we think are reasonable on this point), and the quoted legislative history, we sustain the Commissioner on the sole issue presented and hold that section 1245 overrides section 337 with the consequence that the gain involved must be recognized as ordinary income pursuant to section 1245.

*Decisions will be entered under Rule 50.*

---

primarily in those cases where the transferee receives another basis for the property than that of the transferor. This treatment is provided in three types of cases where a distribution is made by a corporation without the payment of a tax at the corporate level on unrealized appreciation in value : namely, where the property is distributed as a dividend (under sec. 311), where the property is distributed in a partial or complete liquidation by a corporation (sec. 336), and where in a plan of complete liquidation a corporation sells the depreciable personal property and perhaps other assets and within a 12-month period completes the liquidation of the corporation (sec. 337). Similarly, if the property is first sold by a corporation for installment notes and the gain which would be realized on such sale is delayed because of the installment method of reporting, a distribution of these notes to the shareholders in a liquidation under section 337 (12 months' liquidation) results in the recognition of the same amount of ordinary income to the corporation as would have been realized on a cash sale of such notes. * * *

S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962–3 C.B. 805, which reads ·in part:
XIII. GAIN FROM DISPOSITION OF CERTAIN DEPRECIABLE PROPERTY
C. *General explanation of provision*
3. *Dispositions resulting in ordinary income where no gain is presently recognized.*—In a series of situations your committee found it necessary to recognize ordinary income even though capital gain in such situations is not recognized under existing law. This was done primarily in those cases where the transferee receives another basis for the property than that of the transferor. This treatment is provided in three types of cases where a distribution is made by a corporation without the payment of a tax at the corporate level on unrealized appreciation in value : namely, where the property is distributed as a dividend (under sec. 311), where the property is distributed in a partial or complete liquidation by a corporation (sec. 336), and where in a plan of complete liquidation a corporation sells the depreciable personal property (and perhaps other assets) and within a 12-month period completes the liquidation of the corporation (sec. 337). * * *